Weight, «L,
delivered the opinion of the Court.
The first qiiestion is as to the construction of the following clause in the will of William Yaden, senior, namely: “To my son, Lodwick Yaden, I lend two ne-groes, Lucy and ITarry, and increase, during natural life, and at his death, to be equally divided between the lawful heirs of his body.”
We are of opinion that the words “lawful heirs of his body,” as used in this will, are words of purchase, and meant children. . Lodwick Yaden, therefore, only took an estate for life in these slaves, with remainder to his children. The cases of Loving et al. v. Hunter *304 8 Yer., 4, and Settle v. Settle, 10 Hum., 474, are direct authority and decisive of the question. The Chancellor so held, and in this respect, we affirm his decree.
The next question is as to the various notes, or bonds, held by Lodwick Vaden, the intestate, at his death, upon his son Samuel T. Vaden; are they to be regarded as debts, or advancements, in the distribution of his estate? If the former, then they are not to be brought into hotchpot by the children of Samuel T. Vaden. If the latter, they must. Proud v. Turner, 2 Piere Williams, 561. These notes are four in number, ail under seal, and made payable by the said Samuel T. Vaden to said Lodwick. Two of them bear date in September, 1847, one in 1850, and one in 1853, and were retained by the intestate till his death in 1856, and the same are now in possession of his administrator. Samuel T. Vaden had died before his father, and, it is said, was insolvent. There is no evidence explaining the intention of the father as to these debts, other than the notes themselves. Nothing to show that they were used merely as the evidences of gifts or advancements to the son, or that the father did not intend to collect them. As before stated, the case rests alone on the notes. To show that they are advancements, and to be so regarded, we have been referred to Gilbert v. Wetherill, 1 Cond. Eng. Ch. Rep., 444. But in that case it was made manifest by the evidence, that the father did not intend to collect the note. He burnt it and, in effect, declared his son was not to pay it; and the case had many other facts tending to show a purpose not to keep it as a debt.
*305 The fact here, that the intestate had several notes, taken at different times, and that he seems not, so far as we can see, to have pressed Samuel T. Yaden for their payment, can, as we think, furnish no evidence of an intention to make them gifts. He was his son, and insolvent, and he might very well indulge him. And if they were not debts, but gifts, why did he take or hold the notes at all. In the absence of proof to that effect, we have been unable to find any authority that these notes are to be regarded as advancements. We think that, prima facie, they must be treated as debts.
The decree of the Chancellor, as to this branch of the case, is reversed and the cause remanded; and if desired, evidence may be taken as to the purpose of the intestate in regard to these notes.